**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

IN RE:

RIDLEY OWENS, INC.,                                      CASE NO.:  04-10141GVL1

   Debtor.                                                         CHAPTER:  7

_____/

## ORDER DENYING AS MOOT MOTION FOR LEAVE TO SEEK AN AWARD OF ATTORNEYS' FEES AGAINST THE TRUSTEE AND THE TRUSTEE'S COURT APPOINTED ATTORNEYS

THIS MATTER was heard May 1, 2008, on the Motion for Leave to Seek an Award of Attorneys' Fees Against the Trustee and the Trustee's Court Appointed Attorneys Pursuant to Fla. Stat. § 57.105 (the "Motion," Doc. 62), which was filed by James L. Ridley, Jr. ("Mr. Ridley") and Taylor, Cotton & Ridley ("TCR") on February 13, 2008.  Mr. Ridley and TCR are requesting leave under the *Barton* doctrine[1] to seek sanctions of attorney's fees against the trustee in this case and her special counsel in Florida state court under Florida Statutes § 57.105.  While the Motion concedes the point, the question before this court must first be whether the *Barton* doctrine applies to monetary sanctions imposed on the trustee in a lawsuit filed by the trustee in state court.  Since I have determined that the *Barton* doctrine does not apply in this situation and therefore does not give the bankruptcy court the authority to interfere with a state court's ruling under Florida Statutes § 57.105, the Motion is DENIED AS MOOT.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(G).

---

[1] In general, the *Barton* doctrine requires a party to obtain leave from the bankruptcy court before filing suit against a trustee.  *See Barton v. Barbour*, 104 U.S. 126, 127 (1881) ("[B]efore suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained"); *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998) ("The trustee in bankruptcy is a statutory successor to the equity receiver"); *Carter v. Rogers*, 220 F.3d 1249, 1252 (11th Cir. 2000) ("[A] debtor must obtain leave of the bankruptcy court before initiating an action in district court … against the trustee or other bankruptcy-court-appointed officer").

*Background*

The Debtor, Ridley Owens, Inc., filed a voluntary petition for bankruptcy relief under Chapter 7 on March 5, 2004. Theresa M. Bender ("the trustee") was appointed to act as the trustee in the Ridley Owens case. The trustee requested and received permission to employ H. Richard Bisbee ("Mr. Bisbee") as special counsel. In November, 2005, Mr. Bisbee filed suit in the Circuit Court of the Eight Judicial Circuit in and for Alachua County, Florida. The suit named Theresa M. Bender, in her official capacity as the Chapter 7 trustee, as Plaintiff and named Mr. Ridley and TCR as Defendants. The complaint was subsequently amended to include Ridley Owens of Virginia, Inc. as a Defendant.

The trustee's claim was brought under Florida's Uniform Fraudulent Transfer Act ("UFTA"), Florida Statutes § 726.101, *et seq*. The complaint alleged, *inter alia*, that the Defendants incrementally transferred a total of approximately $543,000 in funds from the Debtor to Ridley Owens of Virginia, Inc., with the result that the Debtor became insolvent and was forced to declare bankruptcy. The claims against Mr. Ridley and TCR were voluntarily dismissed by the trustee when it became clear that, under the Florida Supreme Court decision of *Freeman v. First Union National Bank*, 865 So. 2d 1272 (Fla. 2004), non-transferees or individuals that merely assisted in the transacting of a fraudulent transfer could not be held liable under UFTA. The claims against Ridley Owens of Virginia, Inc. are still pending.

After the dismissal, Mr. Ridley and TCR moved the state court for attorney fees under Florida Statutes § 57.105 on the grounds that, in light of *Freeman*, the trustee's claims were unsupported by the necessary material facts or law. On May 21, 2007, the state court issued an order granting the motion, noting that Defendant's counsel had informed Plaintiff of the *Freeman* decision months before the case was filed and stating that the language of *Freeman* barring UFTA claims against non-transferees was unambiguous. The court awarded reasonable attorney's fees

to the Defendants to be paid in equal amounts by the Plaintiff and Plaintiff's counsel.  However, the trustee asserted that the *Barton* doctrine required leave of the bankruptcy court before any sanctions could be imposed on her or her special counsel.  In an abundance of caution, Mr. Ridley and TCR have come to this court to request leave to seek sanctions under Florida state law against the trustee in her official capacity and against her special counsel, Mr. Bisbee, in his personal capacity.

### Discussion

The award of attorney's fees was granted by the state court pursuant to Florida Statutes § 57.105, which provides that

> "[u]pon the … motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim ... in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial: (a) Was not supported by the material facts necessary to establish the claim or defense; or (b) Would not be supported by the application of then-existing law to those material facts."

This statute "mandates a court to award fees to the prevailing party in equal amounts to be paid by the losing party and the losing party's attorney." *De Vaux v. Westwood Baptist Church,* 953 So. 2d 677, 684 (Fla. 1st DCA 2007).  The purpose of § 57.105 is to "discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing the price tag of attorney's fee awards on the losing parties." *Army Aviation Heritage Foundation and Museum, Inc. v. Buis***,** 504 F.Supp. 2d 1254, 1268 (N.D. Fla. 2007).  These sanctions ensure that litigants are served with meritorious cases and encourage lawyers to consider whether a case has non-frivolous grounds while discouraging them from raising meritless claims. *See De Vaux***,** 953 So. 2d at 685.  Furthermore, the use of the word "shall" in the statute indicates that the legislature intended the sanctions to be mandatory and not left to the discretion of the court. *Albritton v. Ferrera,* 913 So. 2d 5, 8-9 (Fla. 1st DCA 2005).

3

The trustee is the representative of the estate and has the capacity to sue or be sued. 11 U.S.C. § 323. "Such action involves the trustee's 'official capacity' so that the estate, not the trustee personally, is liable." *Barbee v. Price Waterhouse, LLP* (*In re Solar Financial Services, Inc.*), 255 B.R. 801, 805 (Bankr. S.D. Fla. 2000). In the matter before the Florida state court, Mr. Bisbee acted as the attorney for Ms. Bender in her official capacity. Thus, § 57.105 would appear to hold the trustee in her official capacity (as the "losing party") liable for half of the Defendants' attorney's fees, which would be paid from the assets of the bankruptcy estate, and the trustee's special counsel (as the "losing party's attorney") personally liable for the remaining half. The question before this court then is whether the *Barton* doctrine requires the Defendants to obtain leave of this court before seeking these sanctions.

The *Barton* doctrine is a federal common law rule which requires a party to obtain leave of the bankruptcy court before bringing suit in a non-appointing court against a trustee for acts done in his or her official capacity. *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000). The doctrine was first articulated by the Supreme Court in *Barton v. Barbour* which held that "[i]t is a general rule that before *suit is brought* against a receiver [in state court,] leave of the court by which he was appointed must be obtained." *Barton v. Barbour*, 104 U.S. 126, 127 (1881) (emphasis added). Over time, circuit courts analogized the position of a receiver in equity to that of a bankruptcy trustee and extended the doctrine accordingly. *Carter*, 220 F.3d at 1252. The *Barton* doctrine has even been applied to lawsuits filed against other attorneys who were approved by the court and acted at the direction of the trustee. *Id.* at 1252 n.4; *see also Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993) (holding that "court appointed officers who represent the estate, are the functional equivalent of a trustee where … they act at the direction of the trustee and for the purpose of administering the estate or protecting its assets.")

4

The foundation of the *Barton* doctrine rests on the premise that the bankruptcy court retains exclusive *in rem* jurisdiction over the property of the estate. *In re Crown Vantage, Inc.*, 421 F.3d 963, 971 (9th Cir. 2005). Therefore, allowing a lawsuit to proceed in another court against that estate without leave "would [be] a usurpation of the powers and duties which belong[] exclusively to another court." *Barton*, 104 U.S. at 127. The requirement to obtain leave enables the bankruptcy court to maintain control over the estate and furthers the goal of centralizing all creditors' claims so they can be efficiently administered. *See Allard*, 991 F.2d at 1240**;** *In re Nathurst*, 207 B.R. 755, 758 (Bankr. M.D. Fla. 1997). By preventing creditors and debtors from bringing lawsuits against the trustee in non-bankruptcy forums, the *Barton* doctrine ensures that the bankruptcy court retains authority over all matters related to the estate and distribution of its assets.

A corollary purpose of the *Barton* doctrine is "to prevent a party from obtaining 'some advantage over the other claimants upon the assets' in the trustee's hands." *Muratore v. Darr*, 375 F.3d 140, 147 (1st Cir. 2004). If dissatisfied parties in bankruptcy proceedings can freely sue the trustee in another court for discretionary decisions made while administering the estate, "that court would have the practical power to turn bankruptcy losers into bankruptcy winners and vice versa." *In re Linton*, 136 F.3d 544, 546 (7th Cir. 1998). "The requirement of uniform application of bankruptcy law dictates that all legal proceedings that affect the administration of the bankruptcy estate be brought either in bankruptcy court or with leave of the bankruptcy court." *Crown Vantage*, 421 F.3d at 971. Thus, the *Barton* doctrine prevents creditors from bringing lawsuits against the trustee in more favorable forums to overturn or compensate themselves for losses incurred in the bankruptcy proceeding.

The *Barton* doctrine also incorporates protections for the job of trustee by preventing the creation of disincentives for performing a trustee's necessary duties and keeping the trustee from being burdened with defending against unnecessary or frivolous litigation in distant forums. *See*

5

*Lehal Realty Assocs. v. Scheffel (In re Lehal Realty Assocs.),* 101 F.3d 272, 277 (2d Cir. 1996) (affirming the lower court's recognition of a "vital institutional interest in protecting our trustee from being mulcted into another court on frivolous or trumped up charges"); *Linton,* 136 F.3d at 545; *Carter,* 220 F.3d at 1252-53 (approving of *Linton*). Thus, the 11th Circuit has recognized the following principle:

> "If [the trustee] is burdened with having to defend *suits* by litigants disappointed by his actions on the court's behalf, his work for the court will be impeded…. Without the requirement [of leave], trusteeship will become a more irksome duty, and so it will be harder for courts to find competent people to appoint as trustees. Trustees will have to pay higher malpractice premiums, and this will make the administration of the bankruptcy laws more expensive…. Furthermore, requiring the leave to sue be sought enables bankruptcy judges to monitor the work of the trustees more effectively."

*Carter*, 220 F.3d at 1252-53 (quoting *Linton*, 136 F.3d at 545) (emphasis added).

With the exception of a single case, *Barbee v. Price Waterhouse, LLP (In re Solar Financial Services, Inc.)*, 255 B.R. 801 (Bankr. S.D. Fla. 2000), the *Barton* doctrine has only been applied to require leave to be granted prior to the filing of lawsuits against a trustee in a non-appointing court, not to a motion for sanctions in a court where the trustee initiated the suit. The principles which justify the *Barton* doctrine do not compel me to extend its application to require parties who are not creditors to seek leave of this court before requesting monetary sanctions in a lawsuit instituted by the trustee against them in state court. Nor do these principles justify depriving the state court of control and jurisdiction over its own proceedings.

Since the trustee selected the forum in which this case was heard, concerns over forum shopping and decentralization of the bankruptcy process are not compelling. The trustee in this case was not unwillingly hauled into state court by a creditor or debtor upset with her decisions regarding the administration of the estate. Here the trustee voluntarily submitted to the jurisdiction of the state court for the purpose of pursuing a claim for assets allegedly belonging to the estate. This is not an instance of a state court usurping the power or authority of the bankruptcy court.

Nor are concerns about impairing efficient administration present; if the trustee felt that the litigation would unduly impair the functionality of the estate, she could have chosen to use a different forum or to forego the litigation entirely.  In fact, extending the *Barton* doctrine to this scenario would have the undesirable effect of decentralizing the bankruptcy process, since trustees would prefer to pursue their claims in state court where they are shielded from sanctions and not subject to Rule 9011 of the Federal Rules of Bankruptcy Procedure.

Additionally, neither Mr. Ridley nor TCR are creditors in this Chapter 7 case.  They are not using the state court system to obtain an advantage over other creditors.  Nor are they seeking to use that system to recover assets denied to them during the bankruptcy proceeding.  Furthermore, Mr. Ridley and TCR are not filing frivolous lawsuits in other forums for the purpose of harassing or extorting the trustee.  Where a party seeking sanctions is not a creditor and did not institute the lawsuit, there is no concern over it using the state court system to compensate itself for perceived inequities in the bankruptcy process.

Allowing the trustee to be held liable in her personal capacity for decisions made in the course of administering the estate would discourage qualified and capable people from undertaking the duties of a Chapter 7 trustee.  *Carter,* 220 F.3d at 1252-53.  Trustees that are subject to malpractice suits by unhappy creditors would "have to pay higher malpractice premiums, and this will make the administration of the bankruptcy laws more expensive."  *Linton*, 136 F.3d at 545.  However, in this case the trustee is not being held liable for the sanctions in her personal capacity.  Since the funds will come from the estate, no disincentives for performing the duties of a trustee are created.  Furthermore, since sanctions are not covered by malpractice insurance, subjecting a trustee to monetary sanctions will not increase the cost of administering the bankruptcy laws.

The state court also sanctioned Mr. Bisbee, the trustee's special counsel, in his personal capacity. Declining to extend the *Barton* doctrine to cover him could conceivably create some disincentives for attorneys to act as special counsel for trustees, thereby impairing the trustee's ability to pursue claims on behalf of the estate. However, holding otherwise would thwart the clear intent of the Florida legislature to discourage attorneys from bringing factually or legally unsupported claims by requiring courts to hold them personally liable for half of the prevailing party's reasonable attorney's fees unless they can show they were "act[ing] in good faith, based on the representations of [their] client." Fla. Stat. § 57.105(1). Thus, as long as the special counsel acts in good faith based on the trustee's representations, he or she has no need to fear sanctions under this statute.

Perhaps more importantly, extending the *Barton* doctrine to require that leave of the bankruptcy court be obtained before seeking monetary sanctions would in general impede the ability of the state courts to control their own proceedings. The *Barton* doctrine in these circumstances would effectively allow the bankruptcy court to usurp the powers of the state court by removing the trustee in a case before it from the state's jurisdiction. By acting as a gatekeeper for sanctions, this Court would thwart the intention of the Florida legislature as embodied in § 57.105 and assume *de facto* control over state court proceedings involving bankruptcy trustees. These concerns about the independence of the state judiciary and respect for the intent of the legislature outweigh the marginal interests that would be furthered by applying the *Barton* doctrine in this context. When trustees or their special counsel voluntarily go into state court, they must play by the rules of the forum they have selected, even if that means being subjected to potential liability for sanctions.

The trustee cites *Barbee v. Price Waterhouse, LLP (In re Solar Financial Services, Inc.)*, 255 B.R. 801 (Bankr. S.D. Fla. 2000) for the proposition that the *Barton* doctrine should apply to

monetary sanctions.  However, that case can be distinguished from the instant case on several different grounds.  In *Solar Financial Services*, a Defendant in a lawsuit filed by the trustee sought sanctions against the trustee in his personal capacity for abandonment of certain records requested during discovery, for which the trustee had obtained prior court permission.  *Id.* at 802-03.  The case was removed to the bankruptcy court, where Judge Cristol held that the trustee was entitled to quasi-judicial immunity from personal liability.  *Id.* at 806.  While Judge Cristol stated that the *Barton* doctrine would apply in this situation even if the trustee did not have immunity, *id.* at 804, his decision did not rest on that conclusion.  Another distinction is that the trustee in that case was sanctioned for taking a purely administrative act that was unrelated to the lawsuit. The trustee's act of disposing of what he believed to be duplicate records bore no obvious relation to the lawsuit at the time it was performed.  In addition, the act was performed with the express permission of the bankruptcy court.  In the instant case, the decision of the trustee and her special counsel to continue pursuing the litigation against Mr. Ridley and TCR in the face of clear legal authority to the contrary is directly related, and indeed is the source of, the sanctions imposed by the state court.  All of the actions or omissions which led up to the imposition of sanctions occurred entirely within the confines of the state court, and accordingly it would not be proper for the bankruptcy court to seize jurisdiction over these matters.

Both sides have raised the issue of the trustee's quasi-judicial immunity. Since I have determined that this matter should be resolved in the state court, I decline to make a determination as to whether the trustee or the trustee's special counsel is entitled to quasi-judicial immunity from monetary damages.

### Conclusion

I hold that the *Barton* doctrine does not require a defendant in a state court action that was instituted by the trustee to obtain leave of the bankruptcy court before seeking monetary sanc-

tions against the trustee.  The purposes that the *Barton* doctrine was created to serve would not be furthered by applying it in this situation.  This Court will not usurp the jurisdiction of a state court, interfere with its ability to control its own proceedings, or defeat the clear intent of a state legislature where federal policy concerns are not significantly present.  The trustee chose to pursue an action against Mr. Ridley and TCR in state court, and she must adhere to the rules as defined by that court.  Accordingly, it is hereby

ORDERED and ADJUDGED that the movants do not require permission from this Court to proceed against the trustee and her special counsel in state court, and therefore the Motion for Leave to Seek an Award of Attorneys' Fees against the Trustee and the Trustee's Court Appointed Attorneys Pursuant to Fla. Stat. § 57.105 (Doc. 62) is DENIED AS MOOT.

DONE and ORDERED in Tallahassee, Florida this 7th        day of July, 2008.

_____
LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc:  all parties in interest